**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| | **C.A. NO.:** |
| **IN THE MATTER OF ADRIATIC MARINE, LLC, AS THE OWNER OF THE M/V CARIBOU, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** | **SECTION:**<br>**JUDGE:**<br>**DIVISION:** |
| | **MAGISTRATE JUDGE:** |

**VERIFIED COMPLAINT OF LIMITATION**

The Complaint of Adriatic Marine, LLC (hereinafter "Limitation Petitioner"), as owner of the M/V CARIBOU (sometimes referred to herein as the "Vessel"), in a civil and maritime cause of action for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, alleges upon information and belief as follows:

1.

This is a cause of admiralty and maritime jurisdiction under 28 U.S.C. §1333, as hereinafter more fully appears, brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims.

2.

Venue is proper under Rule F(9) because the Vessel is within this District.

3.

At all times hereinafter mentioned, Limitation Petitioner was the owner of the M/V CARIBOU.

4.

The M/V CARIBOU is an offshore supply vessel built in 2015. At the time of the incident outlined below, her principal dimensions were 220 feet in length and 48 feet in breadth.

5.

Prior to and at all times hereinafter described, Limitation Petitioner exercised due diligence to make and to maintain the Vessel in all respects seaworthy; and at all times hereinafter described, the Vessel was, in fact, tight, staunch, strong, and fully and properly equipped, and manned, well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel and appliances, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

6.

On November 24, 2019, the M/V CARIBOU was working offshore, delivering cargo and supplies to the Horn Mountain SPAR, which was working and located in the Mississippi Canyon Block, off the coast of Louisiana, on the Outer Continental Shelf in the Gulf of Mexico, and within the jurisdiction of this Honorable Court.

7.

On information and belief, a deckhand employed by Adriatic Marine, Dontrelle Davis ("Davis"), allegedly sustained personal injuries to his body and person while the M/V CARIBOU was unloading cargo to the Horn Mountain SPAR.

8.

This Limitation Petition is filed timely under Rule F(1) because it was filed within six months of Davis's alleged accident and because Adriatic Marine's first notice of a potential claim was receipt of a letter from counsel for Davis on December 9, 2019.

9.

On March 2, 2020, Davis filed suit in the Civil District Court, Parish of Orleans, State of Louisiana, naming *inter alia* Adriatic Marine, Blake International Rigs, LLC, Pioneer Production, Inc. and Oxy, Inc. as defendants.

10.

Any and all injury, loss, destruction and damage arising out of or related to the above-described operation was not caused or contributed to by any fault, negligence or lack of due care on the part of the Limitation Petitioner or the Vessel, or any person in charge of the Vessel, or any person for whom Limitation Petitioner was or is responsible.

11.

Besides the lawsuit initiated by Davis and a demand for defense and indemnity by Pioneer Production Services, Inc., Limitation Petitioner is, as of this date, unaware of any other suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessel in connection with the incident made the subject of this Complaint.

12.

The Limitation Petitioner is entitled to exoneration and/or limitation under the circumstances.

13.

The incident, any physical damage, injuries, contingent losses and all other losses, damages, expenses and costs resulting therefrom were caused and occurred without the privity or knowledge of Limitation Petitioner.

14.

Limitation Petitioner has a reasonable basis upon which to believe it is possible that claims have been and will be asserted and prosecuted against it in amounts exceeding the value of the Vessel and her pending freight.

15.

The value of the Limitation Petitioner's interest in the Vessel at the time of the incident was $5,500,000 and pending freight of $0 at the time of the incident. Accordingly, the total value of Limitation Petitioner's interest in the Vessel and her pending freight is $5,500,000.

16.

In connection with this Limitation Complaint, Limitation Petitioner agrees to provide as security for the benefit of all potential claimants, a Stipulation of Value in the amount of $5,500,000, plus interest in the amount of 6% per annum from the date of said Stipulation, said sum reflecting its interest in the Vessel, and its engines, gear, tackle, etc. and pending freight. Limitation Petitioner claims entitlement to a credit for any sums previously paid or incurred with respect to the incident.

17.

Should it later appear that Limitation Petitioner is or may be liable and that the amount or value of its interest in the Vessel and its pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, the General Maritime Law, and by the rules and practices of this Honorable Court.

18.

Limitation Petitioner claims exoneration from liability for any and all injuries, losses, or damages occurring as a result of the aforesaid incident and for any and all claims therefore, including but not limited to any claims asserted against Limitation Petition by Davis and any potential claims asserted or potentially to be asserted by Pioneer Production Services, Inc. againt

Adriatic Marine for defense, indemnity and/or otherwise. Limitation Petitioner alleges that it has valid defenses thereto on the facts and on the law. Alternatively, Limitation Petitioner, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in 46 U.S.C. §§30501, *et seq*., and the various statutes supplemental thereto and amendatory thereof, and to that end Limitation Petitioner deposits security for the benefit of potential claimants with this Honorable Court.

19.

All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Limitation Petitioner, Adriatic Marine, LLC, prays that:

1. This Court issue an Order approving the Stipulation of Value deposited with the Court by Limitation Petitioner as security for the amounts of the value of Limitation Petitioner's interest in the M/V CARIBOU, and its engines, gear, tackle, and freight for the voyage in question;

2. This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Petitioner a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for

Limitation Petitioner an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

3. This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Petitioner and its underwriters, and/or against the Vessel, or property of Limitation Petitioner except in this action, to recover damages for or in respect of any loss, damage, or injury occasioned or incurred as a result of the aforesaid incident;

4. This Court adjudge that Limitation Petitioner, its employees, agent, representatives and underwriters are not liable to any extent for any injuries, losses or damages occurring as a result of the incident, or for any claim therefore in any way arising out of or resulting from the aforesaid incident;

5. The Court in this proceeding will adjudge that Limitation Petitioner and its underwriters are not liable to any extent for any injuries, losses or damages occurring as a result of the incident, or for any claim whatsoever in any way arising from or in consequence of the aforesaid incident, or if Limitation Petitioner and its underwriters shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Petitioner's interest in the Vessel and its pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of the incident, and that Limitation Petitioner and its underwriters be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove

mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Limitation Petitioner and its underwriters from all further liability; and

6. Limitation Petitioner may have such other, further or different relief as may be just in the circumstances.

This 20th day of May, 2020.

Respectfully submitted:

*/s/ Hansford P. Wogan*

LANCE M. SANNINO (#29409)
WILLIAM C. BALDWIN (#31613)
HANSFORD P. WOGAN (#34825)
Jones Walker LLP
201 St. Charles Avenue, Suite 4800
New Orleans, LA 70170
Telephone: (504) 582-8000
Fax: (504) 582-8164
lsannino@joneswalker.com
wbaldwin@joneswalker.com
fwogan@joneswalker.com

*Attorneys for Adriatic Marine, LLC*