UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF ADRIATIC MARINE, LLC, AS THE OWNER OF THE M/V CARIBOU, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

CIVIL ACTION

NO: 20-1488

SECTION: J(4)

## ORDER & REASONS

Before the Court is a *Motion for Partial Summary Judgment* **(Rec. Doc. 55)** filed by Movant Pioneer Production Services, Inc. ("Pioneer"); an opposition (Rec. Doc. 58) filed by Limitation-Petitioner Adriatic Marine, LLC; and a reply (Rec. Doc. 61) filed by Pioneer. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be denied.

## FACTS AND PROCEDURAL BACKGROUND

This action arises from a limitation action commenced by Adriatic Marine, the owner and operator of the M/V CARIBOU. Adriatic Marine filed its Limitation Action following the alleged accident of one of its employees, Dontrelle Davis. Davis allegedly sustained injuries while unloading cargo on the M/V CARIBOU. Specifically, Davis alleges that his hand/glove became ensnared in the crane's hook/load and he was lifted a few feet of the deck of the CARIBOU and then fell to the deck. Pertinent to the claims in this proceeding, Pioneer provided four marine riggers to Adriatic Marine for work aboard the M/V CARIBOU, two of whom were on duty at the time of Davis'

incident. Pioneer's marine riggers were assisting with the crane operations taking place on the deck of the CARIBOU during Davis' incident.

The instant motion pertains to Pioneer's counterclaim against Adriatic Marine for defense and indemnity under the provisions of an alleged 2015 contract between Pioneer and Adriatic Marine.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l*

2

*Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

## DISCUSSION

Pioneer argues that the contract that Adriatic Marine sent Pioneer in 2015 is valid and enforceable ("2015 Agreement"). (Rec. Doc. 55-1, at 3). The terms of the 2015 Agreement "require[] Adriatic Marine to defend and indemnify Pioneer for injury claims brought by Adriatic Marine's employees, and likewise, require[] Pioneer to defend and indemnify Adriatic Marine for claims brought by Pioneer's employees." *Id.* at 3. In opposition, Adriatic Marine contends that a contract the two entered into in 2013 ("2013 Agreement") is the existing valid and enforceable contract between the parties. (Rec. Doc. 58, at 2). Adriatic Marine asserts that because the 2015 Agreement would not form between the parties unless and until Pioneer had both executed and returned a signed copy, which did not occur until February 2020, the 2013 Agreement was in effect at the time of the alleged incident on November 23, 2019. *Id.* at 12. The terms of the 2013 Agreement require Pioneer to fully defend and indemnify Adriatic Marine. *Id.* In the alternative, Adriatic Marine asserts that Pioneer's Motion for Summary Judgment is premature because the parties have engaged in written discovery and only deposed Davis. *Id.* at 21.

Therefore, the question before the Court is whether the 2015 Agreement was a valid contract between Pioneer and Adriatic Marine even though a signed copy of it was never returned to Adriatic Marine. The existence of a maritime contract involves questions of fact. *One Beacon Ins. Co. v. Crowley Marine Serv., Inc.,* 648 F.3d 258, 262 (citing *Ham Marine, Inc. v. Dresser Indus., Inc.*, 72 F.3d 454, 458–59 (5th Cir. 1995)). Maritime law has adopted the general rules of contract construction and interpretation "that can be found in treaties or restatements of the law." *Int'l Marine, L.L.C. v. FDT, L.L.C.*, 619 F. App'x 342, 349 (5th Cir. 2015). Therefore, "general principles of contract law apply from federal admiralty law, rather than from state law." *Id.* More specifically, "[t]he chief consideration when determining the validity of contractual terms . . . is whether the party to be bound had reasonable notice of the terms at issue and whether the party manifested assent to those terms." *One Beacon Ins. Co.*, 648 F.3d at 269.

Pioneer avers that this case is comparable to both *One Beacon Insurance, Co. v. Crowley Marine Services, Inc.* and *Celtic Marine Corporation v. Basin Commerce, Inc.*, No. 18-8370, 2019 WL 3253966 (E.D. La. July 19, 2019). In *One Beacon Insurance*, the parties had previously contracted eight times in the preceding year and fifteen additional times following the job at issue in the case. *Id.* at 263. Each time, the defendant had issued a repair service order which was not signed by either party, and the plaintiff paid without ever objecting to the terms and conditions. *Id.* "The district court held [and the Fifth Circuit affirmed] that by accepting the [repair service order] and issuing an invoice for payment without exercising its right to object

4

to the terms and conditions, [the party] ratified their course of dealing and assented to these terms." *Id.*

Next, in *Celtic Marine,* the defendant argued that the contract was unenforceable because he did not sign the contract, and thus he did not accept the plaintiff's contractual terms. 2019 WL 3253966, at *3. The defendant asserted that "[t]here is nothing in the emails and there is no conduct [Plaintiff] can or does point to indicating [Defendant] showed an intent to be bound by the contractual terms proposed by [Plaintiff]." *Id.* (alterations in original). The plaintiff responded that all that is required for the formation of a maritime contract is offer, acceptance, and a meeting of the minds. *Id.* The plaintiff then presented evidence of text messages and phone conversations between the parties in which the defendant booked barges and agreed on prices. *Id.* Therefore, the court found that the plaintiff presented evidence of an offer, acceptance, and meeting of the minds of "the number of barges booked, the weeks the barges would be loaded, and the price." *Id.* In finding that there was evidence of a binding contract, the Court noted "that the parties had previously entered [a contract] which included provisions identical to the ones at issue mere weeks before initiating negotiations concerning the instant contract. Neither contract was signed by Defendant, and Defendant voiced no objections to either contract." *Id.* at *4. Specifically, the Court held that "the contract was enforceable in the absence of both parties' signatures because Defendant had reasonable notice of the terms at issue given their inclusion in [the prior contract] and manifested assent to those

5

terms by failing to object to any provisions in the contract and continuing to communicate with Plaintiff about the barges." *Id.*

Therefore, the holding from both *One Beacon Insurance* and *Celtic Marine* is that terms and conditions contained in subsequently issued contracts may supplement or continue existing contracts if "there is evidence of a prior course of dealing between the parties from which a court may infer that the parties were aware of and consented to those additional contractual terms." Moreover, "[i]n construing maritime contracts, the Fifth Circuit has examined the parties' course of dealing and held that *standardized* provisions can become a part of contracts between the parties when the parties have a substantial history of business dealings." *John W. Stone Oil Distrib., L.L.C. v. Penn Mar., Inc.*, No. CV 17-4942, 2018 WL 6018804, at *7 (E.D. La. Nov. 16, 2018) (emphasis added).

First, in *One Beacon Insurance* there were twenty-three identical contracts to the one at issue (eight before the one at issue and fifteen after), and in *Celtic Marine* the prior contract was identical to the one at issue. Unlike those contracts, the 2015 Agreement between Pioneer and Adriatic Marine was materially different than their previous 2013 Agreement. The 2015 Agreement provided a "knock for knock" indemnity term whereas the 2013 Agreement required Pioneer to indemnify Adriatic Marine fully. Moreover, in *Celtic Marine*, the defendant did not sign *either* contract, but, here, Adriatic Marine and Pioneer both signed the 2013 Agreement.

Second, the court in *Celtic* held that the course of dealings established offer, acceptance, and meeting of the minds, rendering the defendant's failure to sign

immaterial to the holding. To show the course of dealings between the parties, the plaintiff in *Celtic Marine* produced evidence through text messages and phone conversations. Like the plaintiff in *Celtic Marine*, Pioneer presents evidence of email communications between itself and Adriatic Marine. Specifically, Pioneer has attached an email between Doug Danos, the Operations Manager of Pioneer, and Star Naquin, the Contracts Administrator of Adriatic Marine, discussing changes to the 2015 Agreement. (Rec. Doc. 55-2, at 13). Thus, this email exchange shows that Pioneer received the 2015 Agreement and discussed insurance coverage with Adriatic Marine. However, beyond that, Pioneer does not present specific evidence of Pioneer and Adriatic Marine's continuing relationship beyond generic statements such as, "years went by, and the parties continued to work together"; "Adriatic Marine is a customer of Pioneer . . . ."; "Pioneer and Adriatic Marine have done business together both prior to and after Pioneer received the 2015 Agreement from Adriatic Marine." Pioneer fails to present any specific course of dealings between it and Adriatic Marine that show acceptance or meeting of the minds beyond general allegations of such.

Here, where the 2015 Agreement materially altered the terms of the relationship between Pioneer and Adriatic Marine, Pioneer's single email and general allegations are simply not enough evidence for Pioneer, as the moving party with the burden of proof at trial, to meet the summary judgment standard. Moreover, Adriatic Marine has presented its own evidence of emails. However, the evidence put forth by both parties is thin.

Thus, the Court next turns to Adriatic Marine's contention that this motion is premature. "Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule [56(d)] is his remedy." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Pursuant to Rule 56(d), a party opposing summary judgment may request a continuance for further discovery. To obtain a Rule 56(d) continuance, the party must "show[ ] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The party must indicate to the court "why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993) (emphasis in original) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266–67 (5th Cir. 1991) and *Washington*, 901 F.2d at 1286). In addition, if "ample time and opportunities for discovery have already lapsed," the nonmoving party must show that it has been diligent in performing discovery. *SEC v. Spence & Green Chem.*, 612 F.2d 896, 901 (5th Cir. 1980); 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2741 (3d ed. 2004) (noting that "the rule will be not be applied to aid a party who has been lazy or dilatory" and that a request for continuance "is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery").

Here, Pioneer relies upon the declarations of three persons and Adriatic Marine relies upon the declarations of two person in their respective memoranda. Adriatic Marine argues that the depositions of these persons relied upon "would

8

expound upon the factual issues set forth above and . . . allow Pioneer and Adriatic the opportunity to cross-examine the witnesses on their submitted declarations and the disputes set forth therein." (Rec. Doc. 58, at 21). Moreover, Adriatic Marine avers that depositions are forthcoming as the parties just recently finished written discovery. *Id.* at 21–22. In reply, Pioneer asserts there are no further material facts to discover. (Rec. Doc. 61, at 10). However, as the Court found above, this assertion is not true. Moreover, additional discovery as to the course of conduct between Pioneer and Adriatic Marine, specifically if there was a "meeting of the minds" is necessary. Therefore, the Court finds that Adriatic Marine has met their burden under 56(d).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Pioneer Production Services, Inc.'s *Motion for Partial Summary Judgment* **(Rec. Doc. 55)** is **DENIED as premature.**

New Orleans, Louisiana, this 8th day of December, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE