UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF ADRIATIC MARINE, LLC, AS THE OWNER OF THE M/V CARIBOU, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO: 20-1488<br><br>SECTION: J(4) |

## ORDER & REASONS

Before the Court is a *Motion for Partial Summary Judgment on Non-Pecuniary Damages* **(Rec. Doc. 96)** filed by Limitation Petitioner Adriatic Marine, LLC ("Adriatic Marine"); an opposition (Rec. Doc. 97)[1] filed by Claimant, Dontrelle Davis; and a reply (Rec. Doc. 108) filed by Petitioner. Having considered the motion and legal memoranda, the record and applicable law, the Court finds that the motion should be granted.

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of an incident that took place on or about November 24, 2019 aboard the M/V CARIBOU, which is owned by Adriatic Marine. While unloading cargo to the Horn Mountain SPAR in the Gulf of Mexico, Davis, a deckhand employed by Adriatic Marine, allegedly suffered injuries to his left knee, left shoulder, cervical spine, and lumbar spine. Adriatic Marine received a letter from Davis' counsel on or

---

[1] Rec. Doc. 97 was deemed deficient by the Clerk's Office, but Claimant never remedied the deficiency. The Court will nonetheless consider Claimant's arguments made therein.

1

about December 9, 2019, notifying them of Davis' potential claim. In May of 2020, Adriatic filed a *Complaint of Limitation* seeking to exonerate itself from, or limit, liability for Davis' injuries. (Rec. Doc. 1). Davis filed a claim in the Limitation proceeding asserting that he was employed by Adriatic Marine as a Jones Act seaman and alleged claims of Jones Act negligence and unseaworthiness and maintenance and cure under general maritime law. (Rec. Doc. 10). In October of 2020, Davis filed a Third-Party Complaint alleging Jones Act claims against Adriatic Marine, L.L.C., M/V CARIBOU, Blake International Rigs, LLC, Pioneer Production Services, Inc., and Oxy, Inc, (Rec. Doc. 29). In both his Claim and his Third-Party Complaint, Davis seeks non-pecuniary damages. Subsequently, Adriatic Marine filed the instant motion for partial summary judgment seeking to dismiss Davis's claims for non-pecuniary damages. (Rec. Doc. 96).

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but

a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

## DISCUSSION

This Court is faced with the purely legal question of whether a seaman can recover non-pecuniary damages against his employer under the Jones Act or general maritime law. Adriatic Marine argues that under both the Jones Act and general maritime law, non-pecuniary damages such as loss of enjoyment of life, mental anguish, and other noneconomic damages cannot be recovered. (Rec. Doc. 96-1). In opposition, Davis contends that while beneficiaries in a wrongful death suit may not recover non-pecuniary damages under the Jones Act or general maritime law, non-pecuniary damages are recoverable in non-fatal maritime injuries. (Rec. Doc. 97-1).

In *Miles v. Apex Marine Corp.,* the Supreme Court of the United States held that a Jones Act seaman's survivors cannot recover non-pecuniary damages for wrongful death against the seaman's employer under either the Jones Act or general maritime law. 498 U.S. 19, 32–33 (1990). The court stated that such a result was "in accordance with the uniform plan of maritime tort law Congress created in [the Death on the High Seas Act ("DOHSA")] and the Jones Act," and it would not judicially create a more expansive remedy than Congress established in its "ordered system of recovery for seamen's injury and death." *Id*. at 36.

3

In *Scarborough v. Clemco Industries*, the United States Court of Appeals for the Fifth Circuit applied "the *Miles* uniformity principal," and held that neither a Jones Act seaman nor his survivors may recover non-pecuniary damages against either his employer or a non-employer third party.. 391 F.3d 660, 668 (5th Cir. 2004). Thereafter in *McBride v. Estis Well Service*, the United States Court of Appeals for the Fifth Circuit, sitting *en banc*, made it clear that under both the Jones Act and general maritime law, a seaman's damages, whether personal injury or wrongful death, are limited to pecuniary losses. 768 F.3d 382, 384 (5th Cir. 2014).

Finally, other sections of this Court have followed the above jurisprudence in holding that a Jones Act seaman suing for personal injury may only recover pecuniary damages. *See Lewis v. Noble Drilling Servs., Inc.*, No. 15-1018, 2016 WL 3902597, at *5 (E.D. La. July 19, 2016) ("the Fifth Circuit's decision in *Scarborough*, which held that a Jones Act seaman, or his survivors, may not recover nonpecuniary damages against either his employer or a non-employer, is binding on this Court and has never been overruled."); *Wade v. Clemco Indus. Corp.*, No. 16-502, 2017 WL 434425, at *5 (E.D. La. Feb. 1, 2017) ("Although the result may be different under another body of law, the Fifth Circuit has now made it clear that under both the Jones Act and general maritime law, a seaman's damages against both employers and non-employers are limited to pecuniary losses."); *Walker v. Rowan Companies, Inc.*, No. 08-4699, 2009 WL 2030605, at *2 (E.D. La. July 9, 2009) ("It is well-established that non-pecuniary damages are not available to a Jones Act seaman or his family in an action against his employer."). Therefore, under Supreme Court, Fifth Circuit, and Eastern District

of Louisiana precedent, Davis is not permitted as a matter of law to recover non-pecuniary damages and those claims are dismissed with prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Adriatic Marine's *Motion for Partial Summary Judgment on Non-Pecuniary Damages* (Rec. Doc. 96) is **GRANTED.**

New Orleans, Louisiana, this 27th day of April, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE